UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE MARABLE,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., et al<br><br>    Defendants. | Case No. 24-cv-1279-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Dismiss. (Doc. 10). The sole remaining defendant, the United States of America, filed this motion on May 23, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS in part** and **DENIES in part** the motion to dismiss, (Doc. 10), and hereby **DISMISSES** this case **without prejudice**.

The plaintiff, Stephanie Marable, filed suit against the Southern Illinois Healthcare Foundation, among others, alleging medical malpractice. Pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), Pub. L. No. 102-501, 106 Stat 3268 (1992), the United States deemed SIHF a community health center serving certain medically underserved areas or populations. Consequently, SIHF and the other defendants were entitled to protection under the Federal Torts Claims Act (FTCA). *See* 42 U.S.C. § 233(g). The United States was substituted for the other defendants.

Under the FTCA, before a plaintiff can sue the United States, the plaintiff must have first exhausted administrative remedies. Here, the plaintiff admits that they have failed to exhaust their administrative remedies, (Doc. 13), on that basis, the Court must dismiss the suit; this much

1

is undisputed. What is disputed, however, is whether the dismissal should be with or without prejudice, what the exact grounds for dismissal are, and whether the Court can give the plaintiff leave to refile within one year under the Illinois Rules of Civil Procedure.

In their motion, the Government has asked for either "dismissal for failure to state a claim" or alternatively "summary judgment for failure to exhaust administrative remedies." The Court cannot grant summary judgment, but the Court can, and must, dismiss for failure to state a claim under FRCP 12(b)(6). While the Court can and must dismiss this action, the Court sees no reason to dismiss with prejudice.

Court also cannot grant the plaintiff's request for leave to refile within one year under Illinois Rules of Civil Procedure. The Court has no legal authority to affect the future proceedings of this case by expanding the time for the plaintiff to refile. Even then, there are a multitude of reasons why the Court cannot grant the plaintiff's request—as articulated by the Government in their reply. (Doc. 14).

## CONCLUSION

For all these reasons, the Court **GRANTS in part and DENIES in part** the motion to dismiss, (Doc. 10). The Court hereby **DISMISSES** this action **without prejudice**.

**IT IS SO ORDERED.**
**DATED:  August 6, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**